# Exhibit A

## IN THE IOWA DISTRICT COURT IN AND FOR BREMER COUNTY

| | |
|---|---|
| SYDNEY WARNER, on behalf of herself and all others similarly situated, | |
| Plaintiff, | CASE NO. |
| v. | |
| WARTBURG COLLEGE, | |
| Defendant. | ORIGINAL NOTICE |

TO EACH OF THE ABOVE-NAMED DEFENDANTS:

You are hereby notified that there is now on file in the office of the Clerk of the above court a Petition in the above-entitled action, a copy of which is attached hereto (along with copies of any documents filed with it). The Plaintiffs' attorneys are J. Barton Goplerud, Brandon M. Bohlman and Brian O. Marty of the law firm of Shindler, Anderson, Goplerud & Weese, P.C., whose address is 5015 Grand Ridge Drive #100, West Des Moines, Iowa 50265, whose phone number is 515-223-4567, and whose fax number is 515-223-8887.

Iowa is a state which utilizes electronic filing in all counties. General rules and information on electronic filing are contained Iowa Court Rules Chapter 16. Information regarding requirements related to the protection of personal information in court filings is contained in Iowa Court Rules Chapter 16, Division VI. You must serve a motion or answer within 20 days after service of this Original Notice upon you by using the Iowa Judicial Branch Electronic Document Management System (EDMS) at www.iowacourts.state.ia.us/efile, unless you obtain from the court an exemption from electronic filing requirements. If you do not file your appearance, motion to answer within 20 days from the date you are served with this Original Notice, judgment by default will be rendered against you for the relief demanded in the Petition.

CLERK OF COURT
Bremer County Courthouse
415 E Bremer Ave # 1
Waverly, IA 50677

*NOTE: The attorney who is expected to represent the Defendant(s) should be promptly advised by Defendant(s) of this Original Notice.*

*If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your District ADA Coordinator at 515-286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).*

1

# STATE OF IOWA JUDICIARY

*Case No.*  CVCV006449

*County*  Bremer

*Case Title*  SYDNEY WARNER VS WARTBURG COLLEGE

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(641) 421-0990** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*  03/15/2021 01:49:44 PM



*District Clerk of* Bremer                    *County*

/s/ Janet White

## IN THE IOWA DISTRICT COURT OF BREMER COUNTY

| | |
|---|---|
| SYDNEY WARNER, on behalf of herself and all others similarly situated, | Case No.: _____ |
| Plaintiff, | |
| v. | **CLASS ACTION PETITION AND JURY DEMAND** |
| WARTBURG COLLEGE, | |
| Defendant. | |

Plaintiff Sydney Warner brings this action on behalf of herself and all others similarly situated against Defendant Wartburg College. Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

### NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 Semester at Wartburg College, and who, because of Defendant's response to the novel Coronavirus ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services for which their fees were paid, without having their tuition and fees refunded to them.

2. Plaintiff does not contend that he received a comparatively inferior instruction, though it is certain that he did. He similarly does not challenge Wartburg College's decision to shift to remote learning. Rather, Plaintiff brings this action because the value of the remote learning experience he and his fellow class members received is less than the value of the on-campus experience Wartburg College promised and that Plaintiff paid for in tuition and fees. Plaintiff and class members, through this suit, seek a pro-rata refund of the portion of fees and tuition that was paid to Wartburg College during the time period that the campus was closed and classes went online.

3. Plaintiff entered into a contractual agreement with Wartburg College to pay tuition and fees for the Spring semester of 2020 in exchange for, *inter alia*, access to campus facilities and activities, and in-person instruction in a physical classroom. Plaintiff and class members

fulfilled their obligations when they paid the required tuition and mandatory fees for the Spring semester of 2020. In fact, Plaintiff paid higher tuition and fees when he enrolled in Wartburg College's on-campus program, rather than its online courses which cost substantially less. However, Plaintiff and class members did not receive the services and experiences they paid for, and which were promised, after Wartburg transitioned to remote learning. Plaintiff seeks, through this putative class action lawsuit, to obtain a refund for the portion of payments made for services and experiences which were promised but which they did not receive.

4.     Wartburg College is a private college with a total enrollment of more than 1,501 students. Wartburg College offers undergraduate major concentrations in 52 academic areas. Defendant also offers a number of graduate-level degree programs.

5.     Plaintiff and Defendant entered into a contractual agreement whereby Plaintiff would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services. The terms of the contractual agreement were set forth in publications from Wartburg College, including in the Academic Catalog (the "Academic Catalog"). The Academic Catalog is directed at students, including Plaintiff and Class Members.

6.     When Plaintiff and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring 2020 Semester, Plaintiff and Class Members viewed the Academic Catalog to make specific course selections prior to registering and paying for selected courses. The Academic Catalog provided Plaintiff and Class Members with information regarding the courses offered, the relevant department, credit hours, classroom activities, and the manner in which each course is to be held.

7.     On March 16, 2020, Defendant announced that, because of the global COVID-19 pandemic, all previously live classes would be conducted remotely beginning March 18, 2020. It was later announced that remote learning would continue through the remainder of the semester.

2

8.     Thus, Wartburg College has not held any in-person classes since at least March 18, 2020. Classes that have continued have only been offered in an online format, with no in-person instruction.

9.     As a result of the closure of Defendant's facilities, Defendant did not deliver the educational services, facilities, access and/or opportunities for which Plaintiff and the putative Class contracted and paid. The online learning options being offered to Wartburg College students were subpar in practically every aspect, including the lack of facilities, materials, and access to faculty. Students were deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique. The remote learning options were in no way the equivalent of the in-person education for which Plaintiff and Class Members contracted and paid.

10.     Although Wartburg College has received nearly $4.3 million in public funding through the Coronavirus Aid, Relief, and Economic Security Act (CARES Act),[1] Defendant refuses to refund or reimburse Plaintiff and the Class any portion of the fees and tuition they paid for in-person education and services that are no longer being provided.

11.     Defendant did not provide in-person education, experiences, or related services for approximately approximately 50% of the Spring 2020 Semester. Plaintiff did not enter into an agreement with Defendant for online education, but rather sought an in-person education from Defendant's institution. Plaintiff and the putative Class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access, and/or opportunities that Defendant has not provided. Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it failed to provide.

12.     Through this lawsuit Plaintiff seeks, for herself and Class Members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that

---

[1]     https://projects.propublica.org/coronavirus/bailouts/loans/wartburg-college-6866818006 (last accessed

remained in the Spring 2020 Semester when classes moved online and campus services ceased being provided. Plaintiff seeks a return of these amounts on behalf of herself and the Class as defined below.

## THE PARTIES

13.     Plaintiff Sydney Warner is a citizen and resident of Waverly, Iowa. During the Spring 2020 Semester, Plaintiff was an undergraduate student at Wartburg College majoring in music.

14.     Defendant Wartburg College is a private college with its principal place of business in Waverly, Bremer, Iowa.

## VENUE AND JURISDICTION

15.     This Court has personal jurisdiction over Wartburg College because it is located in Waverly, Iowa, it is headquartered and regularly conducts business in Iowa, and otherwise has sufficient minimum contacts with Iowa to justify the exercise of jurisdiction.

16.     Venue is appropriate in Bremer County, Iowa because Defendant is located within Bremer County, Iowa. And on information and belief, events and transactions causing the claims herein, including Defendant's decision-making regarding its refund policy challenged in this lawsuit, has occurred within Bremer County, Iowa.

## FACTUAL ALLEGATIONS

### I.     Plaintiff and Class Members Paid Tuition and Fees for the Spring 2020 Semester

17.     Plaintiffs and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at Spring.

18.     Spring 2020 Semester classes at Wartburg College began in or about February 2020, and final exams for the Semester were scheduled to end in May 2020.

19.     Plaintiff and Class members paid the cost of tuition for the Spring 2020 Semester. They also paid other mandatory fees associated with the Spring 2020 Semester.

20.     Approximate tuition costs at Wartburg College for the Spring 2020 Semester are $21,750 for full-time undergraduate students.

21.     Fees paid by Wartburg College students vary based on the program or college they attend. By way of example, undergraduate students at Wartburg College's Student Services Fee paid mandatory fees totaling approximately $530 for Spring Semester 2020.

22.     The tuition and fees described in the paragraphs above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

23.     Plaintiff paid approximately $21,750 to Defendant for tuition and various fees for the Spring 2020 Semester. Plaintiff also paid various fees to Defendant for the Spring 2020 Semester. Plaintiff has not been provided a refund of any of the tuition or fees that she paid for the Spring 2020 Semester, despite the fact that in-person classes were not held after March 18, 2020.

**II.     The Academic Catalog for the Spring 2020 Semester is Replete with Promises and Representations Regarding In-Person Instruction and Activities**

24.     The Academic Catalog for the Spring 2020 Semester at Wartburg College contains numerous promises and representations relating to in-person instruction and activities.

25.     For example, in "MU 281 Field Experience in Secondary Choral/Instrumental Music, Grades 5-12" for the Spring 2020 Semester – a course taken and paid for by Plaintiff – Wartburg College promises a "fifteen-hour field experience in a 5-12 choral, band, orchestra setting in public/parochial schools."

26.     The Academic Catalog contains many additional examples of promises relating to in-person instruction and activities. Plaintiff hereby incorporates the Academic Catalog into the Petition by reference.

27.     Consistent with the various other academic concentrations offered at Wartburg College, Plaintiff's field of study at Wartburg College relies extensively on in-person instruction, feedback, and a high level of collaboration, which is made more feasible through in-class instruction. In-person classes are critical to Plaintiff's degree program because it is necessary for students in the program to access labs and computer equipment, and to engage in dialog during class and access professors outside of class, in order to adequately learn and fully engage with the material.

5

28.     Also as a result of Wartburg College's campus closure, Plaintiff will be deprived of her ability to participate in an in-person commencement ceremony, which Wartburg College had organized and held each year from its founding until the 2020 academic year, when for the first time no in-person commencement ceremony will be held.

### III.    In Response to COVID-19, Wartburg College Was Closed and all In-Person Classes were Cancelled

29.     On or about March 16, 2020, Wartburg College announced that, because of the global COVID-19 pandemic, effective March 18, 2020, all in-person classes would be suspended and that all classes would continue to be held in online/remote format through the end of the Spring 2020 Semester.

30.     As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities for which Plaintiff and the putative Class contracted and paid. Plaintiff and the putative Class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it did not provide.

31.     Plaintiff and the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll and/or pay for enrollment on an in-person basis.

6

32.     Defendant markets the on-campus experience at Wartburg College as a benefit of enrollment on Defendant's website, an example of which is depicted below:[2]



33.     Defendant also specifically markets classroom learning and access to various services, facilities, events, and other in-person experiences as benefits of the on-campus learning experience at Wartburg College:[3]

Discover yourself at Wartburg.

The living-learning environment at Wartburg is designed to help take a journey of discovery, embrace your passions, and unlock your potential to realize your purpose. The best way to decide if Wartburg is the right place for you would be to visit our campus. Meet our friendly students. Grab a cool cookie at the Den. Check out a class. See a game or go to a concert. Visit with a professor. Learn what makes Wartburg "worth it." Here's a few reasons to get you started:

- Free career and internship assistance
- Four dining centers on campus
- 10 percent of students participate in service trips in locations around the U.S.
- 1200 students attend 16 ETK (student activities) events each year.
- Free escorts, jumpstarts, and room access/lockout assistance

- Many living options available
- Study Away programs in Denver, Des Moines, and around the globe
- A diverse student body representing 60 countries.
- Free counseling services
- Free laundry in all residence halls

---

[2]   https://www.wartburg.edu/admissions/

[3]   https://www.wartburg.edu/life-on-campus/

7

34. The online learning options being offered to Wartburg College students are subpar in practically every aspect and a shadow of what they once were, from the lack of facilities, materials, and access to faculty.

35. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique. This is particularly true for students like Plaintiff, who is pursuing a degree in music, because she is unable receive in-person instruction, feedback, or critique. After all classes at Wartburg College went online, Plaintiff was not able to receive and/or benefit from the one-on-one evaluations and critiques with professors and guest lecturers that she was promised and had expected at the time of enrollment for the Spring 2020 Semester. Indeed, none of the abovementioned resources were available to her while in-person classes were suspended and Defendant's campus was closed. Plaintiff's music education was thus severely compromised as a result of canceled concerts, performances and severely limited practice rooms.

36. Under these circumstances, Plaintiff was unable to collaborate or use on-campus resources in the manner necessary for success in her field of study. Moreover, office hours for professors are essentially non-existent given that professors are unable to see their students to provide in-person assistance. Email is simply no substitute for instances where additional teaching is required.

37. The remote learning options are in no way the equivalent of the in-person education for which Plaintiff and Class Members contracted and paid. The remote education provided was worth nowhere close to the amount charged to Plaintiff and Class Members for Spring 2020 Semester tuition. The tuition and fees for in-person instruction at Wartburg College are higher than tuition and fees for other online institutions because such costs cover not only the academic instruction at Wartburg College, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;
- Access to facilities such as libraries, laboratories, and study rooms;
- Student governance and student unions;
- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;
- Social development and independence;
- Hands on learning and experimentation;
- Networking and mentorship opportunities.

38.    Through this lawsuit Plaintiff seeks, for herself and on behalf of the Class, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring 2020 Semester when classes moved online, and campus services ceased being provided. Plaintiff seeks return of these amounts on behalf of herself and the Class as defined below.

## CLASS ACTION ALLEGATIONS

39.    Plaintiff brings this action on behalf of herself and a Class defined as follows:

> All persons enrolled at Defendant for the Spring 2020 term or any subsequent term who paid Defendant, in whole or in part, tuition, fees, and/or room and board.

Excluded from the Class is Defendant, any entity in which Defendant has a controlling interest, and Defendant's legal representatives, predecessors, successors, assigns, and employees. Further excluded from the Class is this Court and its employees. Also excluded from the class are students who enrolled in education programs that Defendant completely and exclusively offered online prior to the closure of in-person classes. Plaintiff reserves the right to modify or amend the Class definition including through the creation of sub-classes if necessary, as appropriate, during this litigation.

40.    The definition of the Class is unambiguous. Plaintiff is a member of the Class she seeks to represent. Class Members can be notified of the class action through contact information and/or address lists maintained in the usual course of business by Defendant.

41.    *Numerosity.* Class Members are so numerous and geographically dispersed that their individual joinder of all Class Members is impracticable, thus satisfying the requirement of Rule 1.261(1). The precise number of Class Members is unknown to Plaintiff but may be ascertained from Defendant's records. However, given that over 1,500 students are enrolled at Defendant's institution

9

in a given year, the number of Class Members is expected to exceed 1,000 and thus greatly exceeds a number where joinder would be possible. Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

42. *Common Questions of Law or Fact.* As required by Rule 1.261(2), there are questions of law or fact common to the Class. These common questions of law or fact include:

   a. Whether Defendant engaged in the conduct alleged;

   b. Whether Defendant's actions deprived Plaintiff and the Class Members of benefits for which they already paid, including the benefit of in-person instruction, housing, meals, and student activities;

   c. Whether Defendant has a policy and/or procedure of denying refunds, in whole or in part, to Plaintiff and the Class Members;

   d. Whether Defendant breached identical contracts with Plaintiff and the Class Members;

   e. Whether Defendant violated the common law of unjust enrichment;

   f. Whether Defendant converted Plaintiff's and the Class Members' refunds and/or rights to refunds; and

   g. The nature and extent of damages and other remedies to which the conduct of Defendant entitles Class Members.

Thus, Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by the Class Members. Similar or identical legal violations are involved. Individual questions pale by comparison to the numerous common questions that predominate. And the injuries sustained by the Class Members flow, in each instance, from a common nucleus of operative facts—Defendant's campus closure and student evictions, its complete transition to online classes, and Defendant's refusal to fully refund tuition, fees and/or room and board.

43. *Fair and Efficient Adjudication of a Controversy.* A class action satisfies the requirement of Rules 1.262(2)(b), because a class action will permit the fair and efficient adjudication of the controversy. Plaintiff satisfies the criteria enumerated in Rule 1.263 for determining this issue, *inter alia* as follows:

    a. First, joint and common interests exist among members of the Class, per the criteria of Rule 1.263(1)(a), because they have all paid tuition and fees to Defendant and been damaged by Defendant through its practice of denying refunds to Class Members for tuition and fees paid for the portion of the Spring 2020 term that was held remotely. Moreover, the prosecution of separate actions by members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants per Rule 1.263(1)(b). Furthermore, there are the common questions of whether, *inter alia*, Defendant's actions deprived Plaintiff and the Class Members of benefits for which they already paid, including the benefit of in-person instruction, housing, meals, and student activities, and whether such conduct breached the contract between Defendant and the Class or, alternatively, constituted unjust enrichment. The adjudication of these questions with respect to individual members of the Class as a practical matter would be dispositive of the interests of the Class as a whole per the criteria in Rule 1.263(1)(c). Finally, the common questions predominate over any individual questions per the criteria in Rule 1.263(1)(e).

    b. Second, the class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Class Members. The relief sought per individual members of the Class is small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the conduct of Defendant. It would be virtually impossible for the Class Members to seek redress individually. Even if the Class Members themselves could afford such individual litigation, the court system could not. Absent a class action, Class members

11

will continue to suffer harm and Defendant's misconduct will proceed without remedy. These circumstances satisfy the criteria in Rule 1.263(1)(f),(g),(m).

c. Third, there are no unusual management difficulties that would preclude class treatment. The Class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication. Individual litigation of the legal and factual issues raised by the conduct of Defendant would increase delay and expense to all parties and to the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court. It is also desirable to concentrate the litigation of the aims of Plaintiff and Class Members in this forum given that Defendant is located within this judicial district and discovery of relevant evidence will occur within this district. Given the similar nature of Class Members' claims and the absence of material differences in the state statutes and common laws upon which the Class Members' claims are based, a nationwide Class will be easily managed by the Court and the parties. Moreover, Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the Class Members, making final injunctive relief and declaratory relief regarding the Class appropriate.

d. Fourth, there are no other known actions brought by Class members that are not representative parties and thus they have no apparent substantial interest in individually controlling the prosecution of a separate action.

44. *Adequate Representation.* In accordance with Rule 1.262(2)(c) and 1.263(2), Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the Class. Plaintiff is familiar with the basic facts that form the bases of the Class Members' claims. Plaintiff's interests do not conflict with the interests of the other Class Members that she seeks to represent. Indeed, Plaintiff's claims are typical of the claims of the other Class Members in that, among other things, all Class

members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein. Plaintiff was a student enrolled at Wartburg College in the Spring 2020 term, and Plaintiff paid Defendant the cost of tuition and fees for her education at Wartburg College. Like other Class Members, Plaintiff was deprived of the benefit of her bargain when students were instructed to leave Defendant's campus, forced to take online classes, and were completely or partially denied a refund for tuition, fees, and/or room and board. Further, there are no defenses available to Defendant that are unique to Plaintiff. Plaintiff has retained counsel competent and experienced in class action litigation and Plaintiff and her counsel intend to prosecute this action vigorously. Plaintiff's counsel has successfully prosecuted complex class actions, including consumer protection class actions. Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the Class Members.

<u>**CLAIMS FOR RELIEF**</u>

**CLAIM I**
**Breach of Contract**
**(By Plaintiff, Individually and on Behalf of the Class, Against Defendant)**

45.    Plaintiff restates and re-alleges, and incorporates herein by reference, the preceding paragraphs as if fully set forth herein.

46.    Plaintiff and Class Members entered into identical, binding contracts with Defendant.

47.    When Plaintiff and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring 2020 Semester, Plaintiff and Class Members viewed the Academic Catalog to make specific course selections prior to registering and paying for selected courses. Defendant's Academic Catalog constitutes an offer to enter a contractual agreement.

48.    The Academic Catalog provided Plaintiff and Class Members with information regarding the courses offered, the relevant department, credit hours, classroom activities, and the manner in which each course is to be held.

49.    Plaintiff and Class Members' payment of tuition and fees were intended to cover in-person education, experiences, and services for the entirety of the Spring 2020 Semester.

13

50.     As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above. Plaintiff and members of the Class fulfilled their end of the bargain when they paid monies due for Spring 2020 Semester tuition. Tuition for Spring 2020 Semester was intended to cover in-person educational services from February through May 2020. In exchange for tuition monies paid, Plaintiff and members of the Class were entitled to in-person educational services through the end of the Spring 2020 Semester.

51.     Defendant materially breached the parties' contractual agreement by failing to provide in-person educational services for the entirety of the Spring 2020 Semester. The provisions of the contract breached by Defendant include, but are not limited to the provision setting forth the details of in-person educational services as described in the Academic Catalog for the Spring 2020 Semester. The Spring 2020 Semester Academic Catalog indicated classes would be administered in an in-person, on-campus setting.  The Academic Catalog did not make any reference to the administration of courses in an online format.

52.     Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above by failing to provide in-person educational services. Defendant has retained monies paid by Plaintiff and the Class for their Spring 2020 Semester tuition and fees, without providing them the benefit of their bargain.

53.     Plaintiff and members of the Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

54.     As a direct and proximate result of Defendant's breach, Plaintiff and members of the Class are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver. Defendant should return the pro-rated portion of any Spring 2020 Semester tuition and fees for education services not provided since Wartburg College shut down on March 18, 2020.

55.     Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education services not provided. Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

56.     Therefore, Defendant should return a pro-rata share of the tuition and fees paid by Plaintiff and Class Members that relate to those in-person educational services that were not provided after Wartburg College shut down on or about March 18, 2020. In-person educational services were not provided for approximately approximately 50% of the Spring 2020 Semester.

**CLAIM II**
**Unjust Enrichment**
**(By Plaintiff, Individually and on Behalf of the Class,**
**Against Defendant in the Alternative to Claim I)**

57.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Petition.

58.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant in the alternative to Claim I, to the extent there is no contract governing the subject matter of this dispute.

59.     Plaintiff and members of the Class conferred a benefit on Defendant in the form of monies paid for Spring 2020 Semester tuition and other fees in exchange for certain service and promises. Tuition for Spring 2020 Semester was intended to cover in-person educational services from February through May 2020. In exchange for tuition monies paid, Class Members were entitled to in-person educational services through the end of the Spring Semester.

60.     Defendant voluntarily accepted and retained this benefit by accepting payment.

61.     Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances. Accordingly, Defendant should return the pro-rated portion of any Spring 2020 Semester tuition and fees for education services not provided since Wartburg College shut down on March 18, 2020.

15

62.     It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

63.     Defendant should be required to disgorge all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.  An order determining that this action may be maintained as a class action pursuant to Rule 1.261 *et seq.* of the Iowa Rules of Civil Procedure, and declaring Plaintiff as the representative of the Class and her counsel as counsel for the Class;

b.  For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

c.  For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

d.  For prejudgment interest on all amounts awarded;

e.  For an order of restitution and all other forms of equitable monetary relief;

f.  For injunctive relief as pleaded or as the Court may deem proper; and

g.  For an order awarding Plaintiff and the Class reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Iowa Rule of Civil Procedure 1.902, Plaintiff demands a trial by jury on all issues in this action so triable.

Dated: March 15, 2021                    Respectfully submitted,


**/s/ J. Barton Goplerud**
**J. Barton Goplerud, AT0002983**
SHINDLER, ANDERSON, GOPLERUD &
WEESE, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265-5749
Telephone:       (515) 223-4567
Facsimile:       (515) 223-8887
Email:           goplerud@sagwlaw.com

**/s/ Brian O. Marty, AT0011622**
SHINDLER ANDERSON GOPLERUD &
WEESE P.C.
        5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa  50265-5749
Telephone:       (515) 223-4567
Facsimile:       (515) 223-8887
Email:           marty@sagwlaw.com

**/s/ Brandon M. Bohlman**
**Brandon M. Bohlman, AT0011668**
SHINDLER, ANDERSON, GOPLERUD &
WEESE, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265-5749
Telephone:       (515) 223-4567
Facsimile:       (515) 223-8887
Email:           bohlman@sagwlaw.com


*Local Counsel for Plaintiff and the Putative Class*

**HEDIN HALL LLP**
Frank S. Hedin*
David W. Hall*
1395 Brickell Avenue, Ste 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801

17

E-mail: fhedin@hedinhall.com
dhall@hedinhall.com

*Pro Hac Vice Application Forthcoming*

**Counsel for Plaintiff and the Putative Class**